**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER DAMSCHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:20-cv-1446 |
| | ) | |
| FOSTER AND MONROE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRISTOPHER DAMSCHEN ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, FOSTER AND MONROE LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.  This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6.  Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7.  Plaintiff is a natural person residing in the City of San Antonio, Bexar County, State of Texas.

8.  Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a is a New York limited liability company and national debt collection agency headquartered in the Town of Orchard Park, Erie County, State of New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, which is allegedly owed by Plaintiff arising from a car stereo purchase from Freedom Acceptance Corporation in approximately 2009.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

20. On or about February 3, 2011, the alleged debt was reduced to a money judgment in Norfolk, Virginia, case no. GV10042466-00.

21. If Plaintiff does owe the alleged debt, Plaintiff did not sign the contract sued upon in Norfolk, Virginia.

22. Plaintiff did not reside in Norfolk, Virginia at the commencement of the above-referenced action.

23. Defendant owns and/or attempts to collect on a portfolio of debt that originated with Freedom Acceptance Corporation and its related entities, including Freedom TV & Stereo, Freedom Furniture and Electronics, Freedom Electronic Express, Freedom Stores, Inc., Stereo World, and USA Furniture.

24. Freedom Acceptance Corporation was targeted by the Consumer Financial Protection Bureau and several states' attorneys general because:

> From July 2011 to December 2013, Freedom Acceptance Corporation and Military Credit Services filed over 3,500 lawsuits in Norfolk, Virginia

against consumers who had not signed their financing contracts in Virginia and did not live there when the suits were filed.  Almost all of those lawsuits resulted in a default judgment.[1]

25. Freedom Acceptance Corporation's lawsuit against Plaintiff occurred close enough in time to the above-referenced time period that Defendant knew or should have known that the above-referenced judgment was the poisoned fruit of an illegal lawsuit against Plaintiff.

26. In or around September 2020, Defendant began contacting Plaintiff's employer in an attempt to collect the alleged debt from Plaintiff, including sending documents ostensibly to initiate garnishment proceedings.

27. Defendant sends emails to Plaintiff's employer using the email address, militarycreditdivision@fosterandmonroe.com.

28. Defendant sends emails to Plaintiff's employer using the signature block "Military Credit Solutions".

29. Plaintiff's brother is also Plaintiff's employer.

30. In or around September 2020, in response to Defendant contacting Plaintiff's employer/brother, Plaintiff called Defendant.

31. During the above-referenced call:

   a. Defendant's collector who answered the call transferred Plaintiff to its "JAG[2] lawyer" because Defendant was "charging" Plaintiff under the "UCMJ";[3]

   b. Defendant's "JAG lawyer" told Plaintiff that Defendant was contacting Plaintiff's employer/brother because Defendant had a judgment against Plaintiff in Virginia

---

[1]    https://www.consumerfinance.gov/about-us/newsroom/cfpb-and-states-take-action-against-freedom-stores-for-illegal-debt-collection-practices-against-servicemembers (accessed Dec. 19, 2020).

[2]  JAG is the acronym/abbreviation for "Judge Advocate General."  https://www.merriam-webster.com/dictionary/jag (accessed Dec. 19, 2020).

[3]  UCMJ is the abbreviation for "Uniform Code of Military Justice."  https://www.merriam-webster.com/legal/uniform%20code (accessed Dec. 19, 2020).

and Defendant needed employment verification so that Defendant could garnish Plaintiff's paycheck;

c. Plaintiff responded to Defendant's "JAG lawyer" that it was Plaintiff's understanding that the underlying lawsuit/judgment was inappropriate because Plaintiff was neither sued where the alleged original debt was incurred nor where Plaintiff lived when the lawsuit was filed;

d. Defendant's "JAG lawyer" replied the Defendant follows the UCMJ and the rules are different; and

e. Defendant's "JAG lawyer" further replied that unless Plaintiff's employer/brother cooperated with Defendant, Defendant would have Plaintiff's employer/brother's business shut down and would freeze Plaintiff's bank accounts.

32. At all times relevant hereto, Defendant did not employ a "JAG lawyer".

33. A JAG lawyer is a rank/position found only within the armed forces of the United States of America.

34. To date, Defendant has not sought to transfer its judgment to the State of Texas.

35. Garnishing Plaintiff's wages is not a remedy Defendant may pursue to collect on the alleged debt without first transferring its judgment to the State of Texas.

36. "Freezing" Plaintiff's bank accounts is not a remedy Defendant may pursue to collect on the alleged debt without first transferring its judgment to the State of Texas.

37. Defendant has never intended to transfer its judgment to the State of Texas.

38. Pressing charges against Plaintiff pursuant to the UCMJ is not a remedy Defendant may pursue to collect on the alleged debt.

39. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and

Plaintiff's family and coerce Plaintiff to pay the alleged debt.

40. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

41. The natural consequences of Defendant's actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

42. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

   c. Defendant violated § 1692e(1) of the FDCPA by its false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States when its collector identified himself as a JAG lawyer;

   d. Defendant further violated § 1692e(1) of the FDCPA with its use of the "militarycreditdivision@fosterandmonroe.com" email address to contact Plaintiff's employer/brother and using "Military Credit Solutions" in the signature block of its emails to Plaintiff's employer/brother;

6

e.  Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, that Defendant will freeze Plaintiff's bank account, and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

f.  Defendant further violated § 1692e(2)(A) of the FDCPA by attempting to collect on a judgment that it knew or should have known was the poisoned fruit of an illegal lawsuit against Plaintiff;

g.  Defendant violated § 1692e(3) of the FDCPA by its false representation or implication that any individual is an attorney or that any communication is from an attorney when Defendant's collector falsely represented to Plaintiff that Defendant was "JAG lawyer";

h.  Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, that Defendant will freeze Plaintiff's bank account, and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

i.  Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff,

7

that Defendant will freeze Plaintiff's bank account, and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

j.  Defendant violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff if Plaintiff did not pay the alleged debt;

k.  Defendant violated § 1692e(9) of the FDCPA by its use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval when it used the "militarycreditdivision@fosterandmonroe.com" email address to contact Plaintiff's employer/brother and using "Military Credit Solutions" in the signature block of its emails to Plaintiff's employer/brother;

l.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

m.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

n.  Defendant violated § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Defendant's collectors made empty threats that Defendant will freeze Plaintiff's bank account and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER DAMSCHEN, respectfully requests that judgment be entered against Defendant for the following:

46. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

47. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

48. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

49. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

50. Plaintiff incorporates by reference the foregoing paragraphs 1-42 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

51. Defendant violated the TDCA based on the following:

a.  Defendant violated Tex. Fin. Code § 392.301(2) by accusing falsely or threatening to accuse falsely a person of fraud or any other crime when Defendant claimed that it was charging Plaintiff pursuant to the UCMJ;

b.  Defendant violated Tex. Fin. Code § 392.301(5) by threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings when Defendant claimed that it was charging Plaintiff pursuant to the UCMJ;

c.  Defendant violated Tex. Fin. Code § 392.301(6) by threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law when Defendant claimed that it was charging Plaintiff pursuant to the UCMJ;

d.  Defendant violated Tex. Fin. Code § 392.301(8) by threatening to take an action prohibited by law when Defendant claimed that it was charging Plaintiff pursuant to the UCMJ;

e.  Defendant further violated Tex. Fin. Code § 392.301(8) when Defendant's collectors made empty threats that Defendant will freeze Plaintiff's bank account and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

f.  Defendant violated Tex. Fin. Code § 392.302(1) by its use of language intended to abuse unreasonably the hearer or reader when Defendant claimed that it was charging Plaintiff pursuant to the UCMJ;

g.  Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding when Defendant's collectors made empty threats that Defendant will press charges against Plaintiff, that Defendant will freeze Plaintiff's

bank account, and that Defendant will garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

h. Defendant violated Tex. Fin. Code § 392.304(9) by representing falsely that a debt collector is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of, this state or an agency of federal, state, or local government when its collector identified himself as a JAG lawyer;

i. Defendant further violated Tex. Fin. Code § 392.304(9) when it used the "militarycreditdivision@fosterandmonroe.com" email address to contact Plaintiff's employer/brother and using "Military Credit Solutions" in the signature block of its emails to Plaintiff's employer/brother;

j. Defendant violated Tex. Fin. Code § 392.304(17) by representing that a consumer debt is being collected by an attorney if it is not when Defendant's collector identified himself as a JAG lawyer; and

k. Defendant violated Tex. Fin. Code § 392.304(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer when Defendant engaged in, at least, all of the foregoing.

52. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTOPHER DAMSCHEN, respectfully requests that judgment be entered against Defendant for the following:

53. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

54. For attorneys' fees, costs and disbursements;

55. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

56. For any such other and further relief, as well as further costs, expenses and disbursements

for this action, as this court may deem just and proper.


DATED: December 21, 2020              Respectfully submitted,
                                      AGRUSS LAW FIRM, LLC


                          By: /s/ Michael S. Agruss
                                Michael S. Agruss
                                IL State Bar #: 628100
                                Agruss Law Firm, LLC
                                4809 N. Ravenswood Ave., Suite 419
                                Chicago, IL 60640
                                Tel: 312-224-4695
                                Fax: 312-253-4451
                                michael@agrusslawfirm.com
                                Attorney for Plaintiff